NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LONNY R. WESTERN, | No. 18-56039 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-09527-JFW-AS |
| v. | |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted February 6, 2020**
Pasadena, California

Before:  THOMAS, Chief Judge, and WARDLAW and NGUYEN, Circuit Judges.

Lonny Western appeals the district court's judgment, entered in favor of

Unum Life Insurance Co. of America after a bench trial, on Western's claims for

benefits, declaratory relief, and breach of fiduciary duty under the Employee

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Retirement Income Security Act ("ERISA"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court correctly applied a de novo standard of review. *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). There is no evidence that the district court deferred to Unum's coverage decisions.

2. The district court did not clearly err by finding that Western was no longer disabled as of March 12, 2015. *Silver v. Exec. Car Leasing Long-Term Disability Plan*, 466 F.3d 727, 732–33 (9th Cir. 2006) ("Where . . . a district court has conducted a *de novo* review of an ERISA plan administrator's decision, we review the court's factual findings only to determine whether they are 'clearly erroneous.'" (quoting *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1095 (9th Cir. 1999) (en banc))).

The district court appropriately focused its analysis on whether Western was disabled by cognitive deficits. *See Jordan v. Northrop Grumman Corp. Welfare Benefit Plan*, 370 F.3d 869, 880 (9th Cir. 2004), *overruled on other grounds as recognized by Salomaa v. Honda Long Term Disability Plan*, 642 F.3d 666, 673–74 (9th Cir. 2011). And the record supported its finding that he was not: two neuropsychologists, including one referred to Western by his primary physician, evaluated Western and found that his cognitive abilities were intact. Further, it was not clear error for the district court to credit the opinions of Unum's doctors

2

over those of Western's personal physicians. *See Williby v. Aetna Life Ins. Co.*, 867 F.3d 1129, 1137 (9th Cir. 2017) (explaining that a court reviewing a benefits denial need not "accord special weight to the opinions of a claimant's physician") (citation omitted).

3. The district court did not err by dismissing Western's claim for breach of fiduciary duty. *See Arizona ex rel. Goddard v. Harkins Amusement Enters., Inc.*, 603 F.3d 666, 669 (9th Cir. 2010). The claim is based on the allegation that Unum wrongfully terminated Western's benefits, but Unum's termination of benefits was not wrongful.

**AFFIRMED.**